In the Matter of BETTY HOWARD, Respondent, v. GEORGE K. WYMAN, as Commissioner of the State Department of Social Services, et al., Appellants. In the Matter of WANDA VELEZ, Individually and on Behalf of Her Minor Children, CYNTHIA VELEZ and Another, Respondent, v. GEORGE K. WYMAN, as Commissioner of the State Department of Social Services, Appellant.—

714

Concur — Stevens, P. J., Markewich, Nunez and Kupfer-
man, JJ.; McGivern, J., dissents in the following memorandum: I conclude the
word "catastrophe" is limited in its application to the unforeseeable forces of
nature, and does not include a burglary. I find no valid basis for interfering
with the construction given the pertinent statute and regulation by the officers
and agency charged with its administration. (*Udall* v. *Tallman*, 380 U. S. 1, 16;
*Matter of Agosto* v. *Wyman*, 35 A D 2d 1080.) Particularly, in view of the
legislative history which led to the enactment of the Simplified Payment System
in 1968, and the ultimate establishment of a system of flat grants to eliminate
previous inequities in the treatment of recipients of public assistance. (See
statement of legislative findings and purpose of L. 1969, ch. 184, § 1, eff. March
30, 1969.) Moreover, the acts of the Commissioner, in his expertise, of pro-
viding alternate aids, are not lacking in rationality so as to be arbitrary or
capricious. That being manifest, no warrant exists for judicial intervention.
(*Matter of Colton* v. *Berman*, 21 N Y 2d 322, 334.) I would reverse and dismiss
the petition. I am constrained to conclude the word "catastrophe" is limited
in its application to the unforeseeable forces of nature, and does not include
a burglary. It is unfortunate that burglaries are endemic to many sections of
the city and occur in great numbers. However, the conclusion of the Commis-
sioner of the Department of Social Services that misfortune of this type,
although it can cause great loss to a victim, may not be labeled as a "catas-
trophe", cannot be said to be arbitrary or capricious. I find no valid basis for
interfering with the construction given the pertinent statute and regulation by
the officers and agency charged with its administration. (*Udall* v. *Tallman*,
380 U. S. 1, 16; *Matter of Agosto* v. *Wyman*, 35 A D 2d 1080.) Particularly,
in view of the legislative history which led to the enactment of the Simplified
Payment System in 1968, and the ultimate establishment of a system of flat
grants to eliminate previous inequities in the treatment of recipients of public
assistance. (See statement of legislative findings and purpose of L. 1969, ch.
184, § 1, eff. March 30, 1969.) No warrant exists for judicial intervention.
(*Matter of Colton* v. *Berman*, 21 N Y 2d 322, 334.) In reaching this con-
clusion I am mindful of the fact that petitioner has alternative avenues for
relief from the burden of her loss, for which application could be made. In
simple terms, the Department of Social Services has not unjustifiably taken
the position that it need not remedy petitioner's loss by burglary in the

manner chosen or sought by petitioner. I would reverse and dismiss the petition.