■ ALBERTA YOUNG et al., Respondents, v. JAMES M. SHUART, as Commissioner of the Nassau County Department of Social Services, Appellant. — In a proceeding pursuant to article 78 of the CPLR (1) to compel appel-

lant to issue a duplicate welfare grant to petitioner to replace a previous grant which was lost or stolen and (2) for other relief, the appeal is from a judgment of the Supreme Court, Nassau County, dated October 26, 1971, which granted the petition and adjudged that appellant's policy of denying such aid to recipients of aid to dependent children, without regard to the facts, is unlawful (*Young* v. *Shuart*, 67 Misc 2d 689). Judgment modified, on the law, by adding to the fifth decretal paragraph thereof a provision directing appellant to establish a procedure, in accordance with law, for determining the eligibility of welfare recipients for duplicate aid under the emergency provisions of section 350-j of the Social Services Law. As so modified, judgment affirmed, with $10 costs and disbursements to respondent against appellant. In our opinion the Special Term correctly held that this action was properly commenced as a class action and that subdivision (c) of section 372.2 of the Regulations of the Department of Social Services (18 NYCRR 372.2 [c]) and the appellant's policy, based thereon, of automatically refusing to issue duplicate welfare grants for checks allegedly lost or stolen, is arbitrary, unlawful and void (*Matter of Borders* v. *Nassau County Dept. of Social Servs.*, 34 A D 2d 805; *Matter of Lawson* v. *Shuart*, 67 Misc 2d 98). Due process requires a procedure, in accordance with law, for determining the eligibility of welfare recipients for duplicate aid by an immediate and preferred hearing and a determination on the issue of destitution under section 350-j of the Social Services Law. An expedited appeal procedure should also be provided for. In this case a duplicate grant has already been given to petitioner, but the judgment under review provides that the duplicate grant is subject to a right of reimbursement to appellant if it be subsequently determined that petitioner was not entitled to the duplicate aid. There is a possibility that hardship and injustice might result if we were to subject petitioner to the procedure suggested in the paragraph just above and to the possibility of having to make reimbursement for the duplicate aid. Accordingly, we refrain from disturbing that part of the judgment which directed that the duplicate grant be given to petitioner *in this case*. Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur. [67 Misc 2d 689.]