■ In the Matter of GREGORY BEATTIE, Appellant, v. NEW YORK STATE BOARD OF PAROLE, Respondent.— In a proceeding pursuant to CPLR article 78 to compel respondent to afford petitioner a parole revocation hearing, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated October 1, 1974, which dismissed the petition. Judgment reversed, on the law, without costs, and petition granted to the extent that respondent is directed to afford petitioner a parole revocation hearing within 20 days after entry of the order to be made hereon. Under the circumstances herein, petitioner should have been granted relief to the extent indicated herein (see *People ex rel. McNair* v. *West,* 77 Misc 2d 150, affd. 46 A D 2d 741). In *McNair* we sustained Criminal Term's vacatur of a parole warrant, with prejudice, because of the length of time involved. Here we are merely directing that petitioner be afforded an immediate hearing because that can be done without affecting his rights. However, the parole board should be aware of the fact that continued indifference to the rights of defendants to obtain prompt revocation hearings may, in the future, result in the vacatur, with prejudice, of warrants in all such cases. Cohalan, Acting P. J., Brennan, Benjamin, Munder and Shapiro, JJ., concur.

■ In the Matter of EILEEN BROWN, Appellant, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent New York State Department of Social Services, dated April 11, 1974, which, after a fair hearing, affirmed a denial by the respondent Nassau County Department of Social Services of petitioner's request for a special allowance to purchase household furnishings, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered July 9, 1974, which dismissed the petition. Judgment reversed, on the law, without costs, determinations of the State and local agencies annulled, and the respondent local agency is directed to grant petitioner's request. It is undisputed that petitioner and her family, recipients of public assistance, were rendered destitute, under the circumstances of this case, when their furniture was irreparably damaged. They were thus entitled to "emergency assistance" pursuant to the provisions of section 350-j of the Social Services Law. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.