■   WILLIAM HEDGE et al., Appellants, v MARTIN SACHS et al., Respondents.—In a negligence action to recover damages for personal and property injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Kings County, entered March 24, 1975, as denied the branch of their motion which was for summary judgment. Order modified, on the law, by inserting in the first decretal paragraph thereof, immediately after the word "denied", the following: "except that the motion is granted as to the property damage cause of action of plaintiff Colonial Bus Service, Inc., on the issue of liability, with the amount to be determined after an assessment trial; said cause of action is severed; and, as to the remaining causes of action, the liability issue shall be limited to the question of whether plaintiff William Hedge was contributorily negligent". As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to Colonial Bus Service, Inc., against defendants. It has been established on this motion that defendant Martin Sachs negligently drove his automobile across the intersection where the accident occurred. Admittedly he failed to obey the stop sign there located. Thus, as between plaintiffs William and Irene Hedge and defendants, the sole liability issue that ought to be tried is whether William Hedge was contributorily negligent (CPLR 3212, subd [g]). Any contributory negligence of William Hedge, as the driver of plaintiff Colonial Bus Service, Inc.'s vehicle, is not imputable to Colonial so as to bar recovery by it of its property damages (Continental Auto Lease Corp. v Campbell, 19 NY2d 350; Mills v Gabriel, 284 NY 755; Molino v County of Putnam, 29 NY2d 44, 49). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■   In the Matter of MARIANNE BENNET, Individually and on Behalf of Her Infant Children DONNA BENNET and Others, Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—Judgment of the Supreme Court, Nassau County, entered February 6, 1975, reversed, on the law, without costs; petition dismissed; and determination confirmed, upon the authority of Baumes v Lavine (38 NY2d 296). Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■   In the Matter of VERNELL CONYERS, Individually and on Behalf of Her Infant Children, SHERRY CONYERS and Others, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner, dated January 8, 1975, which, after a statutory fair hearing, denied petitioner's request for a special grant of public assistance. Determination confirmed and petition dismissed on the merits, without costs. Upon moving from an unfurnished one-bedroom apartment to an unfurnished three-bedroom apartment, petitioner sought a supplemental or emergency grant for the purchase of furniture. Emergency assistance pursuant to section 350-j of the Social Services Law has been limited to sudden and unanticipated occurrences causing destitution; such a grant is unavailable in the present situation (see Baumes v Lavine, 38 NY2d 296). Subdivision 6 of section 131-a of the Social Services Law and 18 NYCRR 352.7, which provide for supplemental grants for the purchase of furniture, contemplate the establishment of a home where none previously existed. In our opinion, such supplementary assistance is not available in the present case, where petitioner moved into her present apartment with furniture, some of which she chose to discard. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.