■   In the Matter of Carol Weiss, Petitioner, v Abe Lavine, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of respondent Commissioner of the New York City Department of Social Services, made on or about January 30, 1975, and determination on appeal of respondent Commissioner of the New York State Department of Social Services, made on or about March 28, 1975, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to respondent city department for further proceedings not inconsistent herewith. Petitioner recipient of public assistance, pursuant to the program known as Aid to Families with Dependent Children (AFDC), was served in dispossess proceedings claiming arrears in rent for four months. The funds supplied to her for rent had been diverted without permission to pay for medical prescriptions. She applied in writing for funds to pay the arrears and so ward off eviction; an advance allowance was accordingly supplied, followed by a notice from the city department of reduction of public assistance by way of recoupment of the advance. Her

---

allotment for support of her five-year-old child was $86.66 per month, with $207.62 in public assistance, a monthly total of $294.28, of which $144.28 covers the rent, the balance being for other necessities. The recoupment schedule directed reduction by $18.60 semimonthly until recovery of the amount advanced to her is achieved. On appeal to the State department, and following a "fair hearing," the city department's ruling was upheld. We hold both determinations to have been erroneous. The Social Security Act (US Code, tit 42, § 602, subd [a] par [7]) and the appropriate regulations thereunder (45 CFR 233.20[a] [3] [ii] [c] and 45 CFR 233.20 [a] [12] [i] [d]), read together, require State plans to take into consideration the child's resources with recoupment of overpayment not to be made therefrom unless there is current availability to the child of income over and above AFDC assistance. There are certain exceptions to this rule, not here pertinent. Our State's Social Services Law (§ 106-b) permits recoupment "to the extent permitted by federal law and regulations" and our applicable regulation (18 NYCRR 352.31 [d] [1] [ii]) excludes current assistance payments as a source of recoupment funds. New York State regulations appearing to provide to the contrary have been held invalid as repugnant to the Social Security Act. (See *Hagans v Wyman,* 399 Fed Supp 421, and the note of its reversal by a divided United States Court of Appeals, NYLJ, Dec 15, 1975, p 2 col 3.) However, the New York State regulations themselves dictate annulment and remand of the matter. At the time recoupment was directed here, petitioner had neither income nor resources available from sources other than assistance payments. Petitioner receives a total of $294.28 per month, as has been stated, with $150 thereof available for expenses other than rent. The directed reduction of $37.20 per month reduces this to an amount which obviously creates a hardship situation, in violation of 18 NYCRR 352.31(d)(4), also violated in that the installments assessed exceed 10% of household needs. Neither application of the cited regulation was apparently considered in arriving at the determinations here reviewed. In the circumstances, remand is required for new proceedings in which all applicable statutes and regulations will be given full effect. Concur—Stevens, P. J.; Markewich, Capozzoli and Lane, JJ.; Kupferman, J., concurs in a memorandum as follows: While no one wants to visit hardships on anyone in dire need, there would be no point in having rules if a recipient of public assistance could simply divert funds supplied for one purpose, to another purpose of his or her own choosing without facing the possibility of recoupment. The situation regarding Federal law and regulation as applied to State requirements is still in a state of flux. See "U. S. Judge Gets Fifth Remand on Question of Welfare Benefit" NYLJ, Dec 15, 1975, p 2 cols 3–5, involving *Hagans v Wyman (supra).* Accordingly, I concur in the ruling that the matter be remanded to the Commissioner of Social Services for further consideration.