■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAYWARD YATES, Appellant, v NEW YORK BOARD OF PAROLE et al., Respondents. In the Matter of HAYWARD YATES, Appellant, v PAUL J. REGAN, as Chairman of the Parole Board of the State of New York, Respondents.—Appeal by petitioner from (1) a judgment of the Supreme Court, Westchester County, entered July 1, 1975, which dismissed his habeas corpus proceeding and (2) a judgment of the same court, entered July 3, 1975, which dismissed his proceeding pursuant to CPLR article 78 which sought a recomputation of his release date. Judgment entered July 1, 1975 modified, on the law, by adding thereto a provision excepting from the dismissal of the proceeding the matter of the parole violation adjudication, and further providing that that adjudication is vacated, to the end that petitioner will have to serve the remainder of his September, 1973 sentence if he owes time thereon. As so modified, judgment affirmed, without costs. Judgment entered July 3, 1975 affirmed, without costs and without prejudice to renew as hereinafter set forth. Appellant was on parole in April, 1973 (based upon a 1959 conviction) when he was arrested on a robbery charge. He was detained as a parole violator until September, 1973, when he was convicted of the robbery charge. During the

period of his detention prior to September, 1973, he was denied a parole revocation hearing notwithstanding his requests therefor. This denial violated appellant's due process rights *(People ex rel. Donohoe v Montanye,* 35 NY2d 221). Appellant's 1959 sentence may therefore no longer be carried out against him. *(Matter of Beattie v New York State Bd. of Parole,* 47 AD2d 656). The record before this court is insufficient to determine the effect of our ruling upon the September, 1973 sentence of 0-3 years. For that reason, if so advised, appellant may renew his article 78 application, if his term of imprisonment on that sentence has not yet expired. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.