In the Matter of VERLENE GAILLARD et al., Appellants, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.

First Department, February 17, 1976

*Ira S. Schneider* of counsel *(Michael B. Sosna* with him on the brief; *Morrisania Legal Services,* attorneys), for petitioners.

*Joseph F. Wagner* of counsel *(Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General),* for Abe Lavine, respondent.

BIRNS, J. On this appeal we are called upon to review a determination by respondent New York State Department of

Social Services that petitioners were not entitled to emergency assistance under the regulations of that department.

The six petitioners, all recipients of Aid to Families with Dependent Children (AFDC), applied for such assistance under section 350-j of the Social Services Law in order to obtain or replace furniture. The furniture of petitioners Gaillard and Ramirez had been stolen. Petitioner Lettsome lost her furniture as the result of an eviction. Respondent's local agency denied petitioner Hunt a grant of furniture based on a determination that she had mismanaged funds previously provided. Petitioner Francis needed furniture to establish a home for herself and her child. Petitioner Gonzalez had separated from her husband, and as a result, did not have furniture.

The application of each petitioner for emergency assistance was denied by respondent. Petitioners Gaillard, Ramirez and Francis received adverse decisions after a hearing, on the ground that their need was not the result of "fire, flood, or other like catastrophe", as required by the regulations of the New York State Department of Social Services (18 NYCRR 372.2 [c] and 372.4 [a]). Petitioners then instituted an article 78 proceeding which was dismissed below on June 3, 1975. On July 28, 1975 a motion to reargue was denied. The issue on appeal is whether the dismissal was error.

Petitioners based their application for emergency assistance on section 350-j of the Social Services Law which was adopted by this State in seeking to set up a plan to provide "emergency assistance to needy families with children." (Social Security Act, § 406, subd [e], US Code, tit 42, § 606, subd [e].) The statute's only limitation (not applicable here) is that aid may not be afforded when the destitute condition arose because the children or their relatives "refused without good cause to accept employment or training for employment." (Social Services Law, § 350-j, subd 3.) Subsequent to the passage of the Social Services Law (§ 350-j), respondent promulgated regulations which stated that assistance would not be provided "when destitution is due to loss, theft, or diversion of a grant already made." (18 NYCRR 372.2 [c].) For aid to be granted, the regulations require the need to have arisen from "fire, flood, or other like catastrophe". (18 NYCRR 372.4 [a].)

Petitioners argue that respondent exceeded its authority in enacting these regulations, and that the added restrictions on the granting of emergency assistance are in conflict with section 350-j of the Social Services Law. In support of this

contention, petitioners compare section 350-j of the Social Services Law with section 131-a of the Social Services Law. The latter provision, relied upon by respondents, affords assistance only to persons whose loss of furniture or clothing was "the result of fire, flood or other like catastrophe". According to petitioners the absence of a similar condition in section 350-j of the Social Services Law establishes that the Legislature did not intend to place the same limitation on grants of emergency assistance to families of dependent children. Petitioners assert that respondent's regulations run counter to the Legislature's intent and are therefore invalid.

The court below dismissed the petition herein on the authority of this court's decision in *Matter of Howard v Wyman* (45 AD2d 819). In that case, this court affirmed without opinion a dismissal by the Supreme Court despite petitioners' argument that the Department of Social Services had exceeded its authority in promulgating the regulations challenged here *(Matter of Howard v Wyman, supra;* Contra, *Matter of Ross v Sipprell,* 71 Misc 2d 677, affd 42 AD2d 691; *Young v Shuart,* 39 AD2d 724).

Recently, however, the Court of Appeals adopted the argument recited above in holding subdivision (c) of section 372.2 of title 18 of the Official Compilation of Codes Rules and Regulations to be invalid *(Matter of Jones v Berman,* 37 NY2d 42). In that case, the public assistance money of two of the petitioners had been stolen. The third petitioner had failed to budget her income wisely and, as a result, was left without funds. The Court of Appeals found each to be entitled to receive emergency assistance. The regulation (18 NYCRR 372.2 [c]) was held to be invalid because it added a requirement not found in the statute. Although the court recognized the State interest in reducing fraudulent claims, it found the blanket denial of relief to be improper. Hence, this court's earlier determination in *Matter of Howard v Wyman (supra)* is no longer controlling.

Respondent argues that in *Baumes v Lavine* (38 NY2d 296 [Dec. 4, 1975]) the replacement of furniture was held not to be a proper basis for obtaining emergency assistance. In *Baumes,* the petitioners were seeking assistance, under section 350-j of the Social Services Law, in order to replace furniture that had deteriorated as a result of normal wear and tear. The Court of Appeals rules, however, that the Legislature intended such predictable expenses to be paid out of the periodic public

assistance allowance, observing that the flat monthly grant was designed to cover everyday needs, thus encouraging responsibility through money management. In contrast, the court stated, emergency assistance was established to meet an unforeseeable crisis. This distinction between predictable and unforeseeable needs is crucial to the case at bar. Unlike the petitioners in *Baumes,* the petitioners herein were rendered destitute by circumstances which could not have been anticipated. Accordingly, under the holding in *Matter of Jones v Berman (supra),* they were entitled to apply for emergency assistance. (See, also, *Matter of Nazario v New York City Comr. of Social Servs.,* 37 AD2d 630; *Matter of Bates v Wyman,* 36 AD2d 854.)

The Social Security Act affords an alternate basis for reaching this same result, since the AFDC program is largely financed by the Federal Government. The United States Supreme Court has held that any State law or regulation imposing terms and conditions inconsistent with the Federal standard is invalid under the supremacy clause of the United States Constitution *(King v Smith,* 392 US 309). The Social Security Act provides "that aid to families with dependent children shall be furnished with reasonable promptness to *all eligible individuals".* (US Code, tit 42, § 602, subd [a], par [10]; emphasis added.) The definition of an "eligible individual" under the act does not contain any limitation similar to the "fire, flood or other like catastrophe" provision in respondent's regulations. (US Code, tit 42, § 606.) By excluding persons eligible for assistance under Federal AFDC guidelines (US Code, tit 42, § 606, subd [e]), the New York State Department of Social Services rules and regulations violate the Social Security Act, and are therefore invalid (see *Townsend v Swank,* 404 US 282).

It should be noted that the petitioners herein were not bound to exhaust the administrative remedies by seeking a fair hearing prior to the commencement of this proceeding. *(Matter of Borders v Nassau County Department of Social Servs.,* 34 AD2d 805). Nor is it necessary for petitioners to obtain relief through a class action. The Court of Appeals has held that since governmental acts are involved, subsequent petitioners will be adequately protected under the principles of *stare decisis (Matter of Jones v Berman, supra).*

Accordingly this court holds the restrictions imposed upon the issuance of emergency assistance grants contained in Part

372 of the Official Compilation of Codes, Rules and Regulations invalid inasmuch as they are in conflict with section 350-j of the Social Services Law and subdivision (c) of section 406 of the Social Security Act and applicable regulations.

The judgment entered June 3, 1975 should be reversed on the law, without costs, and the petition granted to extent (1) of declaring that the restrictions imposed upon the issuance of emergency assistance grants contained in Part 372 of the Official Compilation of the Codes, Rules and Regulations to be invalid as being in conflict with section 350-j of the Social Services Law and subdivision (c) of section 406 of the Social Security Act and applicable regulations and (2) remanding the matters to the New York State Department of Social Services to process the claims accordingly.

KUPFERMAN, J. P. (concurring). While I concur in the remand, it is only so that each case may be considered on its merits and not simply foreclosed by a blanket rule. This whole area of the law, State and Federal, legislative, judicial and administrative, needs re-examination, and legislative policy must be set in the light of the proper requirements for the needy and the ability of the public purse to sustain the burgeoning demands upon it. (See concurring opn. in *Matter of Weiss v Lavine,* 50 AD2d 796, Dec. 30, 1975.)

In *Matter of Howard v Wyman* (36 AD2d 713), this court held that a burglary was a "catastrophe". The Court of Appeals reversed (28 NY2d 434) applying the maxims of *"ejusdem generis"* and *noscitur a sociis"* (p 437) to conclude that the Legislature did not intend the phrase "fire, flood or other like catastrophe" in subdivision 6 of section 131-a of the Social Services Law to include a burglary, thus accepting the construction of the commissioner of the department. We then accepted that construction (45 AD2d 819). However, the Court of Appeals left open for determination · the question of a different approach under subdivision 2 of section 350-j, if raised (p 438, n 3). And so we got that approach. *(Matter of Jones v Berman,* 37 NY2d 42.)

Of course, this all involves problems of "emergency assistance" which, if and where warranted, repeated court proceedings serve to frustrate. Important social policy should not turn on the application of a Latin phrase or a footnote.

MURPHY, LUPIANO and LANE, JJ., concur with BIRNS, J.; KUPFERMAN, J. P., concurs in an opinion.

Judgment, Supreme Court, Bronx County, entered June 3, 1975, unanimously reversed, on the law, without costs and without disbursements, and the petition granted to the extent of (1) declaring that the restrictions imposed upon the issuance of emergency assistance grants contained in Part 372 of Official Compilation of Codes, Rules and Regulations to be invalid as being in conflict with section 350-j of the Social Services Law and subdivision (c) of section 406 of the Social Security Act and applicable regulations and (2) remanding the matters to the New York State Department of Social Services to process the claims accordingly.