Jack Rosenberg, J.
The petitioner was arrested on September 23, 1975 and is being detained as an alleged parole violator.
He has brought a writ of habeas corpus seeking his release on two grounds. First he contends that due process has been violated because almost four months had passed at the time that he brought this writ and he had not yet been given a parole revocation hearing. Secondly, he alleges that the preliminary hearing afforded him on October 16, 1975 was defective in that it was based on hearsay evidence. A reading of the minutes of the preliminary hearing shows that while it did comply with due process and that the finding of probable cause was based on sufficient competent evidence, this case presents a close question as to whether or not the Hearing Officer acted properly in denying petitioner’s request for counsel, thereby failing to afford him the right of confrontation and cross-examination.
The issue of the time lag between arrest and the parole revocation hearing does, however, raise a valid due process claim. While this court does not adhere to a strict 60-day time *262 period as petitioner suggests, we must consider each case on its own facts. Respondent’s reasons for the delay are not valid. The facts that hearing calendars are heavy and that petitioner may also be detained in Bronx County on another charge and that respondent was waiting for petitioner’s attorney to file a notice of appearance taken separately or together do not justify a delay of the length presented here. "The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody” (Morrissey v Brewer, 408 US 471, 488). We deem the delay in this case of nearly four months to be unreasonable. An alleged parole violator is entitled to a prompt revocation hearing. The effect of denying such a timely hearing to an alleged parole violator can result in his release (Matter of Beattie v New York State Bd. of Parole, 47 AD2d 656).
For the foregoing reasons the writ is sustained and this court directs that the petitioner be forthwith restored to his parole status.
This decision shall constitute the order of the court.
The clerk of the court shall mail a copy of this decision to counsel for the petitioner and the Attorney-General of the State of New York.