In the Matter of PATRICIA WALKER, Individually and on Behalf of Her Two Minor Children, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.

First Department, May 13, 1976

*Ira S. Schneider* of counsel *(Donald Grajales* and *Arthur C. Snitjer,* attorneys), for petitioner.

*Joseph F. Wagner* of counsel *(Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General),* for Commissioner of the New York State Department of Social Services, respondent.

KUPFERMAN, J. P. In this article 78 proceeding transferred to this court pursuant to CPLR 7804 (subd [g]), we are called upon to review a determination by the Commissioner of Social Services, after a fair hearing, directing recoupment of an allowance paid for the purpose of restoring the petitioner's electricity.

The petitioner, with her two minor children, is the recipient of Aid to Families with Dependent Children (AFDC). Her monthly rent is the equivalent of her semimonthly public assistance aid. In April, 1974, she received a utility bill from Consolidated Edison for $168.48 covering the previous two-month period. Even in this day of high energy costs, this charge was inordinately large, especially as compared to the previous period where the charge was less than one eighth of the new bill.

Although the bills continued to be excessive, petitioner made some payments, but as of the end of 1974, the total utility charges were over $450, while her payments were less than one half, leaving a substantial unpaid balance. The petitioner alleges that she complained to the utility company about the size of her bills and then discovered that another tenant had tapped her lines, which she reported, without receiving any relief. However, her electricity service was terminated at the beginning of 1975. At that late date, petitioner sought assistance at the local office of the New York

City Department of Social Services and was given an allowance equivalent to the amount listed as arrears in the electric bill. She paid the bill, and her service was restored. She then received a letter from Con Edison acknowledging the defective meter and stating the condition had been corrected, but she still received no relief for the previous period or any refund.

The New York City Department of Social Services then notified the petitioner of its intent to recoup on a monthly basis the allowance given to her to make the payment to have the electricity restored, pursuant to 18 NYCRR 352.7 (g) (5).* She asked for a fair hearing, and in April, 1975, the recoupment was upheld by the Commissioner of the New York State Department of Social Services, but limited to a four-month period prior to the issuance of the payment, making it a little less than one half of the amount advanced.

Petitioner commenced the instant article 78 proceeding to challenge the respondent's determination, arguing that the termination of utility services in the middle of a New York winter is an emergency situation within the contemplation of Social Services Law (§ 350-j) and applicable Federal statutes. (See *Matter of Gaillard v Lavine,* 51 AD2d 181.) She equated her situation with that of a recipient whose public assistance grant has been stolen. Indeed, if her meter was tampered with by another tenant, it may very well have been a theft of services under subdivision 5 of section 165.15 of the Penal Law.

While the Court of Appeals in *Matter of Howard v Wyman* (28 NY2d 434) concluded that a burglary was not a "catastrophe" under subdivision 6 of section 131-a of the Social Services Law, it did find that emergency assistance was proper in connection with a theft under section 350-j of the Social Services Law. *(Matter of Jones v Berman,* 37 NY2d 42.) Respondent argues that in *Baumes v Lavine* (38 NY2d 296) where replacement of furniture was held not to be a proper basis for obtaining emergency assistance, inasmuch as the furniture had deteriorated as a result of normal wear and

---

* NYCRR 352.7 (g) (5) reads as follows: "(5) For a recipient of public assistance, an advance allowance may be provided to pay for utilities already furnished in the same dwelling in which he resides and for which a grant has been previously issued, to prevent a shut-off or to restore services. Such an allowance shall not exceed the cost of such utilities for the four-month period immediately preceding the advance payment, and may be provided only where the recipient has made a request in writing for such an allowance, and has also requested in writing that his grant be reduced in equal amounts over the next six months to repay the amount of advance allowance."

tear, such predictable expenses would be paid out of the public assistance allowance designed to cover everyday needs, and that payment of an electric bill falls into that category.

Emergency assistance was established to meet an unforeseen crisis. The distinction between the predictable and the unexpected may be crucial to the case involved. There is no distinction between a recipient of public assistance and an ordinary citizen confronted with the immovable colossus of an unresponsive system. The petitioner took whatever action she could under the circumstances. The New York City Department of Social Services advanced the money because of the final emergency nature of the situation. To suggest that the proper course for the Social Services Department was and is to confront the utility company directly, although pertinent, would be outside the scope of our review.

The petition should be granted, and the determination of the respondent Commissioner of the New York State Department of Social Services affirming the New York City Department of Social Services' decision to reduce assistance to the petitioner and her children by way of recoupment, should be annulled on the law, without costs.

LUPIANO, BIRNS, SILVERMAN and NUNEZ, JJ., concur.

Petition unanimously granted to the extent of annulling, on the law, the determination of the respondent State Commissioner, without costs and without disbursements.