Bertram Harnett, J.
The issue here is whether a relatively sudden infestation of mice resulting in destruction of mattresses is an "emergency” within public assistance guidelines. The Social Services Commissioner thinks it is not, but we think it is.
Shortly after Dorothy Mann and her children moved to their present apartment, mice appeared. Within six months the mice destroyed a number of mattresses. It is undisputed that the family reasonably contacted the county health authorities who promptly attempted exterminatory measures.
The Mann family receives public assistance in the form of Aid to Dependent Children. When Ms. Mann applied to the Nassau County Department of Social Services for a furniture allowance to replace these beds, she was turned down. A "fair hearing” followed, but the result was the same.
The Nassau County Department of Social Services is required to provide emergency assistance to needy families with children whenever necessary to avoid destitution. (Social Services Law, § 350-j.) No one disputes that the beds here were destroyed by mice, or that irreparable damage to its furniture leaves a family destitute. (Brown v Lavine, 47 AD2d 656.) But, *691 assistance was apparently denied on the grounds no emergency existed.
In Matter of Baumes v Lavine (38 NY2d 296, 298), the Court of Appeals ruled that "Emergency assistance to needy families with children” is not available to families whose children are without beds because their old ones have simply deteriorated. Emergency was associated with unusuality.
In Robinson v Lavine (81 Misc 2d 1047, affd 50 AD2d 858), this court held that beds which simply wear out from use do not create an emergency within the contemplation of the statute. A more sudden unexpected occurrence is necessary.
The availability of emergency relief turns on the unexpectedness or unforeseeability of the circumstances. (Matter of Gaillard v Lavine, 51 AD2d 181; Matter of Conyers v D’Elia, 50 AD2d 855.) The decision in Baumes (supra) rested in part on the responsibility of public assistance recipients to budget their allowance to buy replacement furniture when necessary. Monthly assistance payments allow a certain amount to be set aside for that purpose, based on normal deterioration with use. But, furniture destroyed well before its time also destroys the budgeting concept.
It is clear that no one can anticipate a fulminating invasion of mice. Public assistance rules could not reasonably impose responsibility on recipients to put aside extradordinary sums against atypical eventualities. This appears to be the kind of unexpected situation that warrants extra emergency help from the State. The denial of emergency assistance in this case by the Department of Social Services was not reasonable and must be overruled.
The Nassau County Department of Social Services shall be directed to replace the bedding of Dorothy Mann and her family which was destroyed or made unusable by the rodent invasion.