■ In the Matter of JOANNE BRINSON, Appellant, v STEPHEN BERGER, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Judgment, Supreme Court, Bronx County, entered June 24, 1976, dismissing petition in article 78 proceeding to annul a decision of State Department of Social Services dated November 28, 1975, is unanimously reversed, on the law, without costs and without disbursements, and the petition granted to the extent of remanding the matter to the New York State Department of Social Services to consider and process the claim as an application for emergency assistance under Part 372 of the Regulations of the State Department of Social Services (18 NYCRR Part 372). In the present case, petitioner is the recipient of aid to dependent children on behalf of herself and one child. After she vacated her apartment pursuant to a notice from the City Housing and Development Administration, Department of Relocation, the apartment was burglarized and her furniture and

clothing were stolen. She applied for a special grant therefor. The city agency denied the grant and the State Commissioner of Social Services, after a "fair hearing," affirmed this determination on November 28, 1975, on the ground that theft is not a "like catastrophe" within the meaning of regulation 18 NYCRR 352.7 (d), which authorizes grants for furniture and clothing lost in a "fire, flood, or other like catastrophe." The commissioner's decision, considered as one under subdivision (d) of section 352.7 relating to replacement of clothing or furniture otherwise than as an "emergency assistance," was correct. (Matter of Howard v Wyman, 28 NY2d 434.) However, in the Howard case, the Court of Appeals explicitly stated (p 438) that its decision was without prejudice to an application by the petitioner for "emergency assistance" under subdivision 2 of section 350-j of the Social Services Law and the related regulations. In the present case, there appears to have been no discussion by anyone before the commissioner of the question whether petitioner might be entitled to emergency assistance under Part 372 of the Regulations. The city agency's representative did not have the agency's file with him at the "fair hearing" before the State Department of Social Services. In any event, it would perhaps have been useless to request emergency assistance because the regulations with respect to emergency assistance contain the same limitation to "fire, flood or other like catastrophe" (18 NYCRR 372.4 [a]) as the quoted provision of the regulation relating to nonemergency grants; and the regulations further provide that emergency assistance shall not be provided when destitution is due to "theft" (18 NYCRR 372.2 [c]). In Matter of Gaillard v Lavine (51 AD2d 181), this court held that the application of these restrictions to emergency assistance grants in Part 372 of the regulations was invalid. In her petition in this article 78 proceeding, petitioner does request emergency assistance under 18 NYCRR Part 372. Assuming the facts to be as stated, the petitioner's vacating of her apartment pursuant to a notice to vacate, and the burglary of her apartment following request for and denial of moneys to put her furniture in storage, would seem to constitute the sort of "unforeseeable need" intended to be covered by the provisions for emergency assistance. (Matter of Gaillard v Lavine, supra, p 184.) Accordingly, the matter is remanded to the New York State Department of Social Services to consider and process the claim as an application for an emergency assistance grant under 18 NYCRR Part 372, on its merits in the light of the determination in the Gaillard case invalidating the restrictions above referred to contained in Part 372. Concur—Silverman, J. P., Evans, Lane and Markewich, JJ.