■ In the Matter of Luz Franqui, Petitioner, v Philip L. Toia, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of the State Commissioner of Social Services, dated November 19, 1976, unanimously annulled, on the law, without costs or disbursements, and the matter remanded to the State Commissioner of Social Services for a hearing and further proceedings not inconsistent herewith. Petitioner, who with her disabled husband and two children are recipients of a grant of aid to dependent children from the respondent New York City Department of Social Services, commenced an earlier article 78 proceeding challenging respondent New York State Department of Social Services' determination which, after a fair hearing, confirmed the respondent city department's decision to reduce her grant to recoup an overpayment of $3,411.64 obtained by virtue of the city department's ignorance of petitioner's husband's earnings as a building superintendent. By judgment

entered June 10, 1976, Special Term remanded the proceeding "for a new hearing * * * to determine if there has been a decrease in the needs of the dependent children or [if] sufficient excess funds are available to meet their needs during recoupment." At the subsequent fair hearing petitioner testified that her family had no income or resources other than its public assistance grant, that she had been compelled to borrow money to purchase food because the recoupment had left her without resources sufficient to provide adequately for her family and that she was unable to purchase winter clothing for her children. Thereafter, on November 19, 1976, the State commissioner affirmed the city department's determination to recoup the overpayment, finding that the "reduction of the [petitioner's] assistance grant by 10% would not cause undue hardship to the [petitioner's] children," although he did note that some hardship was implicit in the reduction of a public assistance grant. In practical terms this meant a reduction of the grant from $350 per month to $315. Thus, the commissioner perceived the issue only as hinging on whether the 10% reduction in aid would cause undue hardship to the dependent children, an issue wholly outside the scope of the remand. A recoupment of an overpayment is allowable only when there has been a demonstration of decreased needs of the children or when sufficient resources are available to meet their needs during recoupment. (Matter of Weiss v Lavine, 50 AD2d 796.) The primary goal of the aid to dependent children program is the protection and care of needy children (King v Smith, 392 US 309) and any plan of recoupment which punishes the child because of the misconduct of the parents thwarts this purpose. (Cooper v Laupheimer, 316 F Supp 264; Ryan v New York State Dept. of Social Servs., 40 AD2d 867.) Accordingly, the matter is remanded to the State commissioner to determine whether there has been a decrease in the dependent children's needs or there are sufficient excess funds available to meet their needs during the period of recoupment and to make findings thereon. Concur—Murphy, P. J., Birns, Fein, Markewich and Sullivan, JJ.