■ In the Matter of ANNETTE GAYLORD, Appellant, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment, Supreme Court, New York County, entered January 30, 1978, dismissing petition in an article 78 proceeding seeking review of a local agency determination affirmed after administrative fair hearing by respondent State Commissioner of Social Services, unanimously reversed, on the law, without costs and disbursements, and vacated, and the petition granted to the extent of remanding the matter to the New York State Department of Social Services to consider and process the claim as to the loss of the crib and destruction of the dinette set as an application for emergency assistance under subdivision 3 of section 350-j of the Social Services Law. Petitioner, a recipient of public assistance on behalf of herself and three minor children, sought an additional grant to replace certain furniture and personalty broken or removed by the father of the youngest child on January 11, 1977. Patently, petitioner is not entitled to an additional grant pursuant to section 131-a (subd 6, par [a]) of the Social Services Law which provides for replacement of furniture lost due to fire, flood or other like catastrophe over and above the regular recurring grant (see *Matter of Howard v Wyman*, 28 NY2d 434). Insofar as petitioner's complaint is based on the ordinary deterioration of furniture, we observe that rather than being an emergency event, such deterioration is an anticipated demand of every day life which should be met from the regularly budgeted allowance of public assistance (see *Baumes v Lavine*, 38 NY2d 296). However, study of the sparse record herein discloses that the infant child shares a bed with petitioner, not because of the deterioration of furniture, but because the father of the child removed the crib from the apartment. An additional grant may, under appropriate circumstances, be obtained under subdivision 3 of section 350-j of the Social Services Law in the form of "Emergency assistance" where such additional aid "is necessary to avoid destitution" (see *Matter of Conyers v D'Elia*, 50 AD2d 855). In *Matter of Brinson v Berger* (58 AD2d 529), this court noted that the Court of Appeals in *Matter of Howard v Wyman* (28 NY2d 434) left open the possibility for replacement of furniture under section 350-j of the Social Services Law where not authorized under subdivision 6 of section 131-a of the Social Services Law. Emergency assistance has been extended to situations of loss of furniture due to destruction by an angry spouse *(Matter of Brown v Lavine*, 47 AD2d 656) and the sudden removal of all household furniture by a husband *(Matter of Hatfield v Lavine*, 42 AD2d 855). The distinct possibility exists that the petitioner's infant child was thrust into a state of destitution by the sudden loss of its crib. Further, a table for eating purposes may well constitute an essential item of furniture, lack of which might also constitute destitution. Removal of the crib and the destruction of the dinette set are, therefore, matters which should have been considered as possible predicates for emergency assistance under subdivision 3 of section 350-j of the Social Services Law. It appears that respondents treated the petitioner's application only under the regulations implementing additional grants pursuant to subdivision 6 of section 131-a of the Social Services Law and did not even consider the possibility of emergency assistance to replace

any items under section 350-j of the Social Services Law. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.