■ In the Matter of HELEN BURNS, Appellant, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment, Supreme Court, Bronx County, entered December 16, 1977, unanimously reversed, on the law, and vacated, the underlying determination annulled, without costs and without disbursements, and the matter remanded to respondents commissioners of the State and city Departments of Social Services for a new hearing as hereinafter set forth. Furniture and clothing of petitioner-appellant were destroyed by fire, and this has not been disputed. While disaster of this sort is not a key to the public treasury, an inquiry into the basic needs of this family should not take the form of a fencing match in which petitioner is placed entirely on the defensive throughout. Special Term went as far as it could on the meager record developed at a so-called "fair hearing," increasing the award by addition of a bed and two chairs, but further inquiry is required to determine needs, even if necessary to invoke emergency relief for the dependent children involved. While petitioner does have the burden of proof, her assertions went completely uncontradicted except for the captious rejection of her claim as undocumented. The missing documentation would have consisted at most of a list of the missing items, neither requested in advance, nor procedurally required. A completely unfounded—as far as evidence goes—claim was made, and credited, that other persons had supplied petitioner's needs. This is not proper procedure when small children are compelled to sleep on the floor for lack of a bed. We remand, therefore, for a fair hearing that is one, with proper findings based on evidence. Concur—Lupiano, J. P., Evans, Markewich and Sullivan, JJ.