■ In the Matter of LILLIAN REINSCHREIBER et al., Appellants. MARTIN M. LIPP et al., Respondents.—In a proceeding to dissolve five corporations, the petitioners appeal from (1) stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County, dated May 24, 1978, which, *inter alia,* denied dissolution as to two of the corporations and made directions as to payment of counsel fees and (2) a further order of the same court, entered June 15, 1978, which directed that a contingent legal fee be paid for services rendered in an unrelated tax certiorari proceeding involving two of the dissolved corporations. Order entered June 15, 1978, affirmed. Order and judgment dated May 24, 1978 modified by deleting from the last decretal paragraph thereof the provision directing that the fees and disbursements of the attorneys for the respondent "Lipp Faction" be paid out of funds of the corporations. As so modified, order and judgment affirmed insofar as appealed from. Respondent "Lipp Faction" is granted one bill of costs to cover both appeals. The trial court abused its discretion in directing that the funds of the corporations be used to reimburse the respondent "Lipp Faction" for the cost of attorney's fees incurred in defending the dissolution proceedings. In this type of case there is no authority for counsel fees to be paid out of corporate funds (see *Matter of Cantelmo [Brewer-Cantelmo Co.—Daru, Vischi & Winter],* 278 App Div 800). We have considered the other points raised by the petitioners and have found them to be without merit. Titone, J. P., Suozzi, Lazer and Cohalan, JJ., concur.

■ In the Matter of DIANA ROBINSON, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated January 20, 1978 and made after a fair hearing, which affirmed a determination of the local agency denying petitioner's application for a special allowance for furniture. Determination annulled, on the law, without costs or disbursements, the petition is granted and the matter is remanded to the respondents to determine the amount to be paid to petitioner as a special allowance for the purchase of furniture. Although the petitioner had the burden of proof, her assertions that she did not have an established household were completely uncontradicted. The finding that the petitioner had "some furniture" does not justify a result which may compel her to sleep on the floor or share a bed with her infant child (see *Matter of Gaylord v Toia,* 65 AD2d 730; *Matter of Burns v Toia,* 66 AD2d 671). Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.