OPINION OF THE COURT
Anthony J. Mercorella, J.
This is an application by petitioner, individually and on behalf of her two minor children, pursuant to CPLR article *412 78, for a judgment reversing and annulling respondents’ final administrative decision on the grounds that said decision is arbitrary, capricious and contrary to law. The challenged determination denied petitioner and her children, who are recipients of public assistance in the category of Aid to Families with Dependent Children, a special grant with which to purchase essential furniture and clothing to replace certain lost furniture and clothing.
After a fair hearing at which petitioner appeared pro se, respondent Barbara Blum, as Commissioner of the New York State Department of Social Services, ("Blum”), affirmed the denial of the special grant by the local social services agency and held that pursuant to 18 NYCRR 352.7 (d), a grant to replace furniture and clothing may be issued only if the furniture or clothing was lost because of fire, flood or other catastrophe, and that petitioner’s and her children’s clothing and furniture were "stolen” after a fire had occurred, and that loss by theft is "not a natural catastrophe such as fire and flood.” Respondent Blum suggests in her answer that a substantial evidence issue as to whether the loss was in fact caused by the fire has been raised by the petition.
Although respondent Blum suggests that the courts should determine whether the "loss” in question may actually be due to the fire which admittedly occurred in petitioner’s apartment, the issue raised by the petition is whether, as a matter of law, even if the loss was due to the theft which occurred, not the fire, petitioner is entitled to receive a grant to replace essential furniture and clothing.
The record below shows that: a fire occurred on July 12, 1978 in the building, located at 125 University Avenue, Bronx, New York, in which petitioner and her two children were residing; as a result of that fire, petitioner’s apartment and her possessions were water damaged, and the building in which the apartment was located was rendered uninhabitable; petitioner was unable to obtain funds to move her furniture; shortly after the fire, petitioner’s furniture and other items were stolen from the subject premises by looters; a public assistance worker sent to inspect the premises after the fire was unable to enter the building due to its hazardous condition; petitioner applied for public assistance to replace her household furniture and clothing lost as a result of the fire and as a result of the intervening theft, and this application *413 was denied, despite petitioner’s and her children’s eligibility and need for such assistance.
Under the circumstances herein, petitioner’s loss, determined by respondents to be a loss due to theft, is, as a matter of law, a "loss” contemplated by subdivision 6 of section 131-a of the Social Services Law which provides for "replacement of necessary furniture and clothing for persons in need of public assistance who have suffered the loss of such items as the result of fire, flood or other like catastrophe”. Even if the petitioner’s loss was not the direct result of the subject fire, the loss is covered as a "like catastrophe” contemplated by the statute and the regulations thereunder (see 18 NYCRR 352.7 [d]). Here, damage due to a fire created a situation which resulted in looting and loss.
In addition, even were these provisions not applicable, the respondents have an affirmative duty to adequately provide for the needy which mandates granting assistance to cover essential needs (see Social Services Law, § 131, subd 1; NY Const, art XVII, § 1; Matter of Lee v Smith, 43 NY2d 453; Matter of Kahn v Smith, 60 AD2d 869; Matter of Gaillard v Lavine, 51 AD2d 181, app dsmd 40 NY2d 916) and that duty, combined with other statutory provisions mandating public assistance to meet essential furniture and clothing needs (see Social Services Law, § 131-a, subd 6, pars [a], [b]) and for duplication of assistance (see Social Services Law, § 131, subd 11) requires that the needs of petitioner and her children be met.
Accordingly, petitioner’s application is granted, and the challenged administrative decision is reversed, and this matter is remanded to respondents who are directed to calculate forthwith the amount of a special grant sufficient to meet the needs of petitioner and her children for the replacement of the lost items of essential furnishings and clothing, and to provide such public assistance to petitioner and her children in accordance with this decision within five days after service upon respondents of a copy of the judgment to be settled hereon with notice of entry (see 18 NYCRR 352.7).