■ In the Matter of THERESA RADANO, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated November 13, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondents for further proceedings consistent herewith. Petitioner's application for medical assistance was denied because petitioner was listed as a joint owner with her daughter of a certificate of deposit in the amount of $10,967. The State commissioner, upholding the denial, relied on subdivision (b) of section 675 of the Banking Law, which creates a rebuttable presumption that each owner of a joint account is vested with a one-half interest in that account. Consequently, the State commissioner determined that petitioner possessed available resources in excess of the $2,150 statutory maximum exemption permitted by section 366 of the Social Services Law. The testimony of petitioner and her daughter, Rose, established that: (1) all of the money in the account belonged to Rose and represented her life savings accumulated over 50 years; (2) the joint account form had been used solely for convenience; and (3) Rose had no intention of conferring a present beneficial interest upon her mother. This testimony was sufficient to rebut the statutory presumption (see *Phillips v Phillips,* 70 AD2d 30; see, also, *Cinquemani v Cinquemani,* 42 AD2d 851). Moreover, the testimony was plausible, credible, and uncontradicted (see *Matter of McBride v Blum,* 70 AD2d 595), and established that the funds in the account were not actually available to the petitioner (*Matter of Dumbleton v Reed,* 40 NY2d 586; Social Services Law, § 366, subd 2, par [b]). Accordingly, the determination under review is arbitrary and unsupported by substantial evidence (see *Matter of McBride v Blum, supra; Matter of Robinson v Blum,* 70 AD2d 596). Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.

■ In the Matter of ISRAEL REZNIK, Petitioner, v IRMA V. SANTAELLA, as Chairperson, et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law (erroneously denominated a proceeding pursuant to CPLR article 78) to review an order of the State Human Rights Appeal Board, dated November 20, 1981, which affirmed a determination of the State Division of Human Rights dismissing the complaint of petitioner on a finding that there was no probable cause to believe that his employer had engaged in an unlawful discriminatory practice because of his creed. Order confirmed and petition dismissed, without costs or disbursements. (See *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *State Div. of Human Rights v Columbia Univ. in City of N. Y.,* 39 NY2d 612.) Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.