In the Matter of 81 REALTY INC., Respondent, against JOSEPH D. MCGOLDRICK, as State Rent Administrator, Appellant.— Order of Special Term annulling the determination of the State Rent Administrator unanimously reversed and the proceeding remitted to the State Rent Commission for a further hearing and the taking of additional proof. The record before us is inadequate to determine whether the action of the Administrator was based upon evidence or was arbitrary. Sworn contradictory conclusions contained in the formal documents do not constitute evidentiary facts upon which a determination may be made. Relevant would be the conversations between the parties before and after the renting of the apartment, and also the landlord's practice with regard to other apartments in the same building. On any view in this case the mere sequence of the events is not a basis for forming a proper conclusion. Settle order on notice. Present — Dore, J. P., Cohn, Van Voorhis, Breitel and Bergan, JJ.

JACQUES WOLLARD et al., Appellants, v. SAMUEL GRUBERG, Respondent.— This action for malpractice against an attorney was correctly held to belong upon the Tort-Jury calendar, rather than upon the Contract-Jury calendar. It is true that in *Hamilton* v. *Dannenberg* (239 App. Div. 155) this court held that the contractual Statute of Limitations applied where a plaintiff elected to sue a lawyer for breach of contract of retainer, where the lawyer had accepted money upon a promise to prosecute a certain action which he allowed to be dismissed. Here, however, the complaint alleges that plaintiff suffered loss " solely as a result of the negligence of the defendant, as well as breach of agreement to take all steps necessary and proper to protect this plaintiff ". The contract of retainer established the relationship between these parties, from which sprang defendant's duty to exercise ordinary professional care, but this duty arose from the relationship rather than from a covenant or promise. In a certain sense, any professional man may be said to agree by implication to use ordinary care, according to the standards prevalent in the locality, in performing the duties of his calling, but that alone does not transform an action for negligence into one for breach of contract. Order unanimously affirmed, with $20 costs and printing disbursements to the respondent. Present — Dore, J. P., Cohn, Van Voorhis, Breitel and Bergan, JJ.

MIRIAM B. ROSENFIELD, Respondent, v. EDWARD M. ROSENFIELD, Appellant. — Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Bergan, JJ. [See *post,* p. 972.]