In the Matter of RAE A. OLEET, Appellant-Respondent, against ELMER HILDRETH et al., as Members of the Common Council of the City of Mount Vernon, Respondents-Appellants.—

Wenzel, Acting P. J., MacCrate and Ughetta, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to affirm, with the following memorandum: Concededly, the right to permit curb cuts is in the common council. The permit to use the land as a parking lot, issued by the zoning board, was expressly conditioned upon the granting of a curb-lowering permit by the council. Since, as observed by the majority, the council's function in such matters is usually discretionary, the express condition made the board's permit subject to the council's discretion. Otherwise, the condition is meaningless. The return to the petition herein indicates that the council refused to grant a curb cut permit on the ground of traffic congestion and in the interests of public safety. If congestion or danger exists, the facts establishing their existence should appear from the return, for only then can the court know whether they are substantial or illusory. (*People ex rel. Fordham Manor Reformed Church* v. *Walsh*, 244 N. Y. 280, 287.) The return herein, however, contains neither findings based on evidence submitted at a hearing nor a statement of facts known to the members thereof, which would provide a basis for judicial review. While the Special Term might have taken the requisite testimony and made appropriate findings herein (*Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164, 178), it was no abuse of discretion to remit to the council to do so in the first instance. Accordingly, the order appealed from should be affirmed.