▆ In the Matter of 4M CLUB, INC., Respondent, against ROBERT J. ANDREWS et al., Constituting the Board of Trustees of the Incorporated Village of Massapequa Park, et al., Appellants, and JOSEPH J. RILEY, et al., Intervenors-Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, the Board of Trustees and Building Inspector of the Village of Massapequa Park appeal from an order of the Supreme Court, Nassau County, entered September 25, 1959, which: (1) granted the petition; (2) annulled the determination of said Board of Trustees denying petitioner's application for a permit for the construction and maintenance of a swimming pool and a wading pool on certain premises in an area in said village which is zoned as a residence district; (3) remanded the application to said board so as to permit the board to prescribe the method and type of fencing to be furnished; and (4) directed that the permit be issued after the determination concerning the fencing shall have been made. Order reversed on the law and the facts, with costs, and proceeding dismissed, with $10 costs and disbursements. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Where the legislative body that enacts a zoning ordinance has reserved to itself the dispensing power to grant a permit for a particular zoning use, it need not set forth in the ordinance any standards at all with respect to the issuance of such permit. If it does set forth standards in the ordinance, it is nevertheless not precluded from considering other factors on any specific application for a permit, if such expressed standards do not purport to be exclusive. Where such legislative body has not precluded itself from considering factors not expressly set forth in the ordinance, the question of whether it should issue a permit is left to its untrammeled discretion, so long as it is not exercised capriciously (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals,* 281 N. Y. 534). Article XXVI of the Zoning and Building Ordinance of the Village sets forth certain standards dealing with construction and maintenance of water pools and the issuance of permits therefor. These expressed standards pertain to manner of construction, water disposal, fencing, abandonment, and setbacks from lot lines. They are not concerned with other possible factors which might ordinarily be considered on an application for a permit to construct a pool, viz., whether in any aspect the use of proposed pools would violate other zoning restrictions applicable to the particular zone district in question, or whether it would be inimical to the objectives which must be fostered in a village zoning ordinance, such objectives being, among others: the lessening of congestion in the streets, the promotion of health and general welfare, the prevention of the overcrowding of land, the avoidance of undue concentration of population, and the conservation of the value of buildings (see Village Law, § 177). The expressed standards in article XXVI do not purport to be so complete or exclusive with respect to the subject matter in question as to preclude the Board of Trustees from considering the other factors that it did consider and on the basis of which it denied the permit. Thus, it gave consideration to other pertinent factors, such as the question whether the pools would be used for business purposes and in con-

junction with a children's day camp; the question of whether automobile parking problems would be generated or whether a nuisance would be created; the question of the opposition of nearby residents; the question of whether the value of surrounding homes would be depreciated; and the question of public convenience, the general welfare, and the health and safety of the village residents. There was undisputed evidence before the board that petitioner intended to operate a children's day camp. In our opinion the board's denial of a permit has support in the evidence and was not capricious. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.