◼ In the Matter of ADAMS HOLDING CORPORATION et al., Respondents, v. J. GEORGE SPITZ et al., Constituting the Common Council of the City of Poughkeepsie, Appellants.— In a proceeding under article 78 of the Civil Practice Act, based upon the separate petition of each of the petitioners, to direct the Common Council of the City of Poughkeepsie, to issue a curb-lowering permit to petitioners, the Council members appeal from an order of the Supreme Court, Dutchess County, dated August 29, 1958, which denied their motion, based on objections in point of law, to dismiss the petitions; granted the petitions; directed appellants to issue to the petitioners a curb-lowering permit for reasonable curb-cuts in connection with the construction of the gasoline station for which a building permit had been duly issued; and further directed that the location and extent of the curb-cuts shall " be in all respects reasonable and bearing in mind all the peculiar facts and circumstances in connection with the construction of the gasoline station." Order affirmed, with one bill of costs. On April 21, 1958 the Common Council of the City of Poughkeepsie adopted an ordinance wherein it was authorized to grant permits to cut or lower curbs provided that (1) a traffic hazard would not be created; (2) the character of the area would not be changed; and (3) it would be in the interest of the public welfare. After a hearing the Common Council denied the petitioners' application for such a permit on August 4, 1958. For the purpose of court review, such denial is not deemed to be a legislative act; hence, a proceeding under article 78 of the Civil Practice Act is available to review the denial (see, e.g., *Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20, 24; cf. *Matter of Oleet* v. *Hildreth,* 286 App. Div. 886, affd. 1 N Y 2d 798; *Newman* v. *Mayor of City of Newport,* 73 R. I. 385). In view of the fact that, approximately one year before the application for a building permit was made, the district in question had been rezoned by the same Common Council from residential to one where a gasoline station was a use permitted as a matter of right (see General City Law, § 83; § 20, subds. 25, 25-a; *Matter of Adams Holding Corp.* v. *Rosendaal,* 15 Misc 2d 498); and in view of the wording of the ordinance which regulates the issuance of permits to cut or lower curbs, it is our opinion that the denial of petitioners' application may not be sustained where, as here, the record does not justify or support a finding by the Common Council that the proposed lowering of the curbs would create a traffic hazard *and* change the character of the area *and* that it is not in the interest of the public welfare to grant the application in whole or in part. In our opinion, particularly when due consideration is given to that part of the recital in the resolution denying the application, wherein it was stated that " there are thirteen gasoline stations situated within a radius of four blocks of the site," the finding that to grant the application would result in a change in the character of the area was not only unreasonable but was unjustified. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur. [14 Misc 2d 468.]