■ In the Matter of SHELL OIL COMPANY, Appellant, v. PALMER D. FARRINGTON et al., Constituting the Town Board of the Town of Hempstead, Respondents.— In a proceeding under article 78 of the Civil Practice Act, to annul the determination of the Town Board of the Town of Hempstead denying petitioner's application, pursuant to the town's Flammable Liquids Ordinance, for a permit to install a 1,000,000-gallon gasoline storage tank, the petitioner appeals from an order of the Supreme Court, Nassau County, dated July 27, 1962, which dismissed the proceeding. Order affirmed, with costs. The Flammable Liquids Ordinance requires that a storage permit be obtained from the Town Board before any structure for the storage of flammable liquids may be erected or maintained. The ordinance contains detailed provisions dealing with the contents of the application for such storage permit and sets forth standards respecting the location, type and manner of construction of storage tanks for flammable liquids. Petitioner's application for a storage permit, which application apparently complied with the requirements of the ordinance, was denied by the Town Board. Among the reasons for the board's action, adequately stated in its return herein (cf. *Matter of Oleet* v.

*Hildreth,* 286 App. Div. 886, affd. 1 N Y 2d 798), were findings that the issuance of the permit would have an adverse affect on the values of existing residential properties in the vicinity; that it would result in increased truck traffic in the area; and that a 1,000,000-gallon gasoline storage tank would increase the fire hazard to the residential properties in the area. In our opinion, petitioner was not entitled to the storage permit as a matter of right, merely because it complied with the requirements therefor contained in the Flammable Liquids Ordinance. Where the legislative body that enacts an ordinance has reserved to itself the dispensing power to grant a permit for a particular purpose, it need not set forth in the ordinance any standards at all with respect to the issuance of such permit. If it does set forth standards in the ordinance, it is nevertheless not precluded from considering other factors on any specific application for a permit, if the expressed standards do not purport to be exclusive. Where such legislative body has not precluded itself from considering factors not expressly set forth in the ordinance, the question of whether it should issue a permit is left to its untrammeled discretion, so long as the discretion is not exercised capriciously. It is our view that the expressed standards in the Flammable Liquids Ordinance do not purport to be so complete or exclusive with respect to the subject matter in question as to preclude the Town Board from considering the other factors that it did consider and on the basis of which it denied the permit (cf. *Matter of 4M Club* v. *Andrews,* 11 A D 2d 720). We agree with the Special Term that there was no illegality, arbitrariness or abuse of discretion in the action of the Town Board (cf. *Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20, 24). In reaching our conclusion, we have found it unnecessary to consider the effect of the amendments to the Flammable Liquids Ordinance and to the Building Zone Ordinance which were adopted subsequent to the Town Board's determination. Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur; Ughetta, Acting P. J., concurs in the result, with the following memorandum: This case is different from *Matter of 4M Club* (11 A D 2d 720), which dealt with accessory use of a bathing pool, not a subject of strict zoning regulation, leaving the matter within the discretion of the legislative body. Prior to October, 1962, the Zoning Ordinance here contained, as to use in an industrial district, a provision to the effect that, with specific inapplicable exceptions, a building or premises "may be used for any lawful purpose". Erection of fuel storage tank and use thereof were, therefore, lawful and permitted. No special exception or variance was required. If we are going to hold otherwise and to declare that, irrespective of the express permitted use to be found in the Zoning Ordinance, the legislative body in each individual case may do what it wills as to primary use, the zoning ordinance is useless and reliance thereon in contracts relating to real property is hopeless. There was no provision for public hearing. Ordinance No. 15 provided numerous and specific safeguards, all apparently complied with. But in October, 1962 — before a vested right was acquired — Ordinance No. 15 and the Zoning Ordinance were amended so as to subject fuel storage tank use to the Town Board's discretion as a special exception. Obviously the application for exception must be first determined. It is first mentioned. The other applications — safeguards and building — are academic until the question of use itself is determined. In the light of the October, 1962 amendment and of the lack of a vested right, denial of the application for a permit must be affirmed. I would prefer denial, however, to be without prejudice to an application for a special exception.