In the Matter of the Claim of Louis J. Paulsen, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.

Third Department, June 14, 1967.

*Louis J. Paulsen,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz, Samuel Stern* and *Irving Jorrisch* of counsel), for respondent.

Herlihy, J. The initial determination was based on " [Y]ou [claimant] were intoxicated on your job and while in that condition, you insulted customers."

Following a hearing, however, the Referee instead determined: " Claimant knew from the warnings given to him that the employer objected to drinking on the job. The credible evidence establishes that claimant lost his employment because of such actions. The fact that claimant, when accused by the employer at the time of dismissal, did not deny the charge leads to the conclusion that claimant himself believed that there was a valid basis for the charge." Thus the Referee, rather than sustaining the original findings of intoxication and insulting a customer, based his denial of the award on claimant's purported drinking on the job.

The board affirmed the Referee, without further opinion.

At the hearing two witnesses testified, Mr. John Wardanz, service manager of the employer, and the claimant.

Mr. Wardanz, a seemingly reluctant witness, stated that there was a customer complaint — the record fails to disclose the reason — and that he went downstairs and saw the claimant and that '' he appeared to have been drinking ''. His reasons for such a conclusion were equivocal.

The claimant testified that he was 61 years of age and that he had worked for the employer or its predecessor for approximately 32 years and that each day — apparently over a period of many years — he had a '' few beers '' with his lunch and that on the day in question he had '' two small beers ''. Upon his return to the place of his employment there is some vague testimony concerning a complaint, but there is no evidence of any disturbance, loud talking or general misconduct between the claimant, his superiors or any customers, and the only evidence that the claimant was '' drinking on the job '' was his testimony of having beer for lunch.

The probative value of the testimony of the employer can best be summed up by the concluding remarks of its witness as follows: '' I would say that from my situation, knowing Mr. Paulsen for so many years I would more or less be swayed over in his behalf. More than anything I just don't know — firing men, it was not my decision entirely. That's all. It was something that happened. Maybe it shouldn't have happened but it did and what are you going to do about it.''

The claimant contends that the difficulties arose because of a continuing personality clash with one of the company officials.

The claimant's failure to deny the charge at the time it was made constitutes no admission and is probably best answered in the words of the claimant in response to the Referee's question in regard to such failure: '' No, I figured three against one — the controller, which didn't know nothing about me because I had no words with him at any time. So, I came to the conclusion which is this particular assistant of Jack Wardanz.'' It could also be argued that this self-perfected appeal is evidence of his disagreement.

The board places reliance upon *Matter of Doyle (Catherwood)* (27 A D 2d 879). In that case when the claimant applied for benefits he stated that it was because work was slow, while in reality the claimant, an oil burner service man, had been discharged because of complaints from customers concerning the odor of alcohol on his breath and for which he had been previously warned by his employer.

Here, there is no evidence of complaints, no prior admonitions except not to drink on the premises itself and the uncontradicted evidence that having a beer for lunch had been a practice of the claimant for many years while working for the employer.

The requirement of substantial evidence to support the determinations of administrative agencies is a protection against arbitrary and capricious decisions but its application varies from case to case. Inferences per se are not substantial evidence, but inferences naturally flowing from substantial evidence are permissible. Neither does substantial evidence mean a preponderance of the evidence nor is the weight of it necessarily controlling. Substantial evidence basically is the essence of the entire evidence as applied to a particular administrative determination and some of which must be of a sound, competent and recognizable probative character attributable to whatever determination the particular administrative agency should make. While in certain matters a particular determination might be sustained without any evidence which would be admissible in a court proceeding, even in these matters the evidence must be of such a nature as to warrant such reliance as gives it probative force.

It is the test of the rationality of a quasi-judicial determination, taking into account all of the evidence of both sides and giving consideration to the qualitative and quantitative sufficiency of the evidence adduced. In *Edison Co.* v. *Labor Relations Bd.* (305 U. S. 197, 229) the court stated: ''Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion ''.

In final analysis it is not the function of the court to weigh the evidence, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the findings of the administrative agency. (See *Matter of Morton,* 284 N. Y. 167, 170.) It is the primary function of the courts to be ever alert as to the enforcement of the requirements of substantial evidence as government becomes larger, more powerful and assumes more control over its citizenry. Scrutiny of the evidence is especially important in respect to the agency involved in this particular case since the claimants here are as a rule not represented by counsel and by the very nature of their claim being unemployment, the claimants are not likely to be in a position to retain counsel. Although the requirements of substantial evidence may vary from case to case, surmise and speculation will never suffice.

In this present instance, if the claimant's course of conduct was such as to require the severe punishment of dismissal, the employer had, or at least should have had, available abundant evidence to establish the fact. Only one member of the panel of three who determined the question of claimant's discharge testified and his testimony did not constitute substantial evidence to support any findings that claimant was drinking on the job, was intoxicated or insulted a customer.

The present record does not establish that a long-time acquiescence in the practice of drinking beer for lunch constituted drinking on the job as such, and the credible evidence does not sustain such conclusion, nor does the failure of the claimant to deny the charge at the time it was made, as found by the Referee, constitute an admission. Under the circumstances, there is no substantial evidence to sustain a determination which we find to be arbitrary and capricious.

The decision should be reversed and the matter remitted to the board for further consideration.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Decision reversed, with costs, and matter remitted to the board for further consideration.