■ In the Matter of FIRST WESTMINSTER PRESBYTERIAN CHURCH, Respondent, v CITY COUNCIL OF THE CITY OF YONKERS, Appellant, et al., Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review appellant's determination made after a hearing, which disapproved petitioner's application for a special exception permit, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 30, 1976, which, *inter alia,* vacated the determination and directed appellant to adopt a resolution approving the application. Judgment affirmed, with one bill of costs payable by appellant to petitioner-respondent. The Zoning Ordinance of the City of Yonkers permits a parish house in an S-50 single-family residence district as a special exception use (§ 107-19 [tables 107-1, 107-2]). On September 15, 1975 petitioner applied to the zoning board of appeals for such a permit. Planning board approval was obtained on its finding that "it will not adversely affect neighboring properties nor create any hazardous conditions by the generation of traffic." After a public hearing, the zoning board of appeals unanimously approved the granting of the permit, with isolated conditions as to parking, subject to approval by the appellant pursuant to section 107-72 of article X of the zoning ordinance, which states: "Such permit shall not be valid or take effect until the Board of Appeals shall have remitted to the Common Council a transcript of the hearing and a copy of its findings and decision and the issuance of the permit shall have been approved by a resolution of the Common Council." After receipt of the record from the zoning board of appeals, the appellant conducted independent hearings, which were only partly public. Written statements, as well as exhibits, were received, but no transcript was made of the oral proceedings; it appears that some of the papers were not seen by petitioner prior to the city council's ruling; the gathering of the evidence produced in the return herein is correctly characterized by petitioner as "catch as catch can." On April 27, 1976 the city council, by a vote of eight to four, with one councilman abstaining, disapproved the determination of the zoning board of appeals and made new findings contrary to those of the board. We agree with Special Term that the record fully sustains the zoning board's findings and does not support the contrary findings of the city council. Since (1) "The burden of proof on an applicant for a special exception permit is much lighter than that required for a hardship variance" *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 244); (2) there was a pre-existent legislative determination that "parish house" use in an existing residential zone is in harmony with the general zoning plan; (3) the record strongly supports the zoning board's findings that the use will not have a detrimental effect on the value of surrounding property or create traffic hazards; and (4) in any event, such latter considerations "are outweighed by the constitutional prohibition against the abridgment of the free exercise of religion" *(Matter of Westchester Reform Temple v Brown,* 22 NY2d 488, 496), it was improper for the city council to disapprove issuance of the permit. Here the standards for special exception use permits, as expressed in the zoning ordinance (art X, § 107-72) were so complete and exclusive as to preclude the city council from considering other factors (cf. *Matter of 4M Club v Andrews,* 11 AD2d 720; *Matter of Green Point Sav. Bank v Board of Zoning Appeals of Town of Hempstead,* 281 NY 534). The fact that the legislative body had reserved to itself final dispensing power to grant a special exception permit did not give it untrammeled discretion. In

making determinations upon applications for special exception permits, the legislative body exercises a power which is reviewable as to reasonableness in a proceeding under CPLR article 78 *(Matter of Rothstein v County Operating Corp.,* 6 NY2d 728; *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20). We conclude that the city council's disapproval was unreasonable. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.