■ In the Matter of GENERAL CINEMA CORPORATION, Appellant, v JOSEPH FOLEY et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent zoning board of appeals which, after a hearing, denied petitioner's applications for variances, the appeal is from a judgment of the Supreme Court, Westchester County, dated June 29, 1977, which confirmed the determination and dismissed the petition. Judgment affirmed, with costs. Even if we accept petitioner-appellant's argument that the applications to erect certain signs (known as "attraction panels") are applications for special permits and not applications for variances, the determination has a rational basis and the judgment must be affirmed (see *Matter of Cowan v Kern,* 41 NY2d 591, 598-599). Under the applicable law (Local Laws, 1969, No. 11 of Town of Greenburgh [Sign and Illumination Law]), the zoning board of appeals is empowered to consider "the intensity, location and type of the proposed illumination and illuminated signs", "among other things" (Sign and Illumination Law, § 43A-6). The factors expressly enumerated are limitations on the granting of variances; they do not preclude the board from considering other factors (cf. *Matter of First Westminster Presbyt. Church v City Council of City of Yonkers,* 57 AD2d 556). On the entire record, it is evident that petitioner's applications were denied, not because of the chairman's expressed opinion during an early stage of the hearing that, "If I were on the Board that enacted the law, I would, in fact, vote against allowing theaters to have signs. I think signs on theaters are ugly. I wouldn't let most theaters have them", but because the board weighed the petitioner's evidence against the intent of the Sign and Illumination Law. Further, on this record, it cannot be said that the denial of the applications was an abuse of discretion (cf. *Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028). As to the claim of discrimination, petitioner has not established either impermissible discrimination or arbitrary action (see *Matter of Cowan v Kern, supra,* pp 594-596). Latham, J. P., Damiani, Cohalan and Hawkins, JJ., concur.