■ In the Matter of FRANK A. TURGEON et al., Petitioners, v BUFFALO COMMON COUNCIL et al., Respondents.—Petition unanimously dismissed, without costs. Memorandum: This article 78 proceeding was instituted for review and annulment of a resolution of the Common Council of the City of Buffalo (No. 262) adopted July 24, 1979 which directed the director of licenses to revoke the dancing license for the Library restaurant owned and operated by petitioner. The issue presented is whether the Buffalo Common Council, having reserved to itself the power to revoke dance licenses, may revoke this dance license, although administrative standards to guide its actions had not been established and although it apparently revoked the license for reasons other than for an infraction of the conditions upon which the license was originally granted. Pursuant to the Buffalo City Ordinances (art 8, ch 5, § 133[b])the common council may approve or disapprove the recommendations of the director of licenses and permits and may take whatever action concerning revocation or reinstatement of the license as it deems proper. Where a legislative body which enacts an ordinance has reserved to itself the dispensing power to grant a permit or license, it need not set forth in the ordinance standards with respect to the issuance of such license *(Matter of Green Point Sav. Bank v Board of Zoning Appeals of Town of Hempstead,* 281 NY 534, 538, app dsmd 309 US 633; *Matter of Larkin Co. v Schwab,* 242 NY 330, 333-334; *Suffolk Outdoor Adv. Co. v Hulse,* 56 AD2d 365, 377; *Matter of Shell Oil Co. v Farrington,* 19 AD2d 555, 556; *Matter of 4M Club v Andrews,* 11 AD2d 720). Furthermore, even if the legislative body does set standards, it is not precluded from considering other factors in making its decision *(Matter of Shell Oil Co. v Farrington, supra; Matter of 4M Club v Andrews, supra).* The decision as to whether or not to grant a license in these circumstances is left to the "untrammeled discretion" of the legislative body, so long as that discretion is not exercised "capriciously" *(Matter of Shell Oil Co. v Farrington, supra).* It appears that the Buffalo Common Council has reserved to itself both the power to grant restaurant-dance licenses (§ 121[c]) as well as the power to revoke these licenses (§ 133[b]). Should the council's decision to revoke be arbitrary or capricious, judicial review will lie. A legislative body must act reasonably. However, so long as its actions come within that scope, the courts may not interfere *(Matter of Green Point Sav. Bank v Board of Zoning Appeals of Town of Hempstead,* 281 NY 534, 539, *supra).* Our review of the record discloses that the common council has acted reasonably in revoking this license. There was sufficient evidence before the common council from two

hearings, one before the common council on June 19, 1979, and 'one before the director of licenses on July 12, 1979, which would justify its revoking petitioner's license in order to promote the health, safety and welfare of the residents near the premises (see *Matter of Milky-Way Lounge v Veteran,* 72 AD2d 566). (Article 78 proceeding transferred by order of Erie Supreme Court.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.