■ In the Matter of the ITALIAN SONS AND DAUGHTERS OF AMERICA, INC. — AMICI LODGE NO. 255, INC., et al., Appellants, v COMMON COUNCIL OF BUFFALO et al., Respondents. — Judgment unanimously reversed, without costs, petition reinstated and respondents' time to answer extended to July 1, 1982. Memorandum: Plaintiffs-petitioners ("petitioners"), the Italian Sons and Daughters of America, Inc. ("Amici Lodge") and the Italian Village Council, appeal from an order of Special Term summarily denying their "Complaint and Petition" ("petition") which claims that defendant-respondent Common Council of the City of Buffalo acted arbitrarily and capriciously, and unconstitutionally, in denying their application for a permit to close a public street to conduct the annual "Italian Festival." Petitioners brought this proceeding pursuant to CPLR article 78 and for declaratory relief under CPLR 3001 and

allege that they were asked collectively to make a $3,000 payment as a precondition to being granted the permit; that they refused; that they were thereupon denied a permit; and that defendants-respondents, the Federation of Italian American Societies and the Connecticut Street Village Society ("respondent associations"), were subsequently granted a permit for the same street and purpose without any payment required. We hold that Special Term erred in denying the petition summarily. It is not sufficient for Special Term to have concluded, as it did, that the grant of a permit is a matter of discretion. An arbitrary exercise of discretion is subject to judicial review (*Matter of Franchina v Codd,* 57 AD2d 394, 398, 402 [dissent], revd on other grounds 46 NY2d 816; *WNEK Vending & Amusements Co. v City of Buffalo,* 107 Misc 2d 353, 360-361; see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). The decision whether to grant a permit to close a public street would ordinarily be "left to the 'untrammeled discretion' of the legislative body," but not if that discretion is exercised arbitrarily or capriciously since a legislative body must act reasonably (*Matter of Turgeon v Buffalo Common Council,* 78 AD2d 774). While the granting of a permit to another applicant should not normally be permitted to be raised by an applicant who is denied a permit, because the applications in this case were so substantially similar (i.e., the same street, for the same purpose, at approximately the same time of year), the inference arises that common council may have acted arbitrarily (cf. *Matter of Cowan v Kern,* 41 NY2d 591, 595, quoting *Matter of Larkin Co. v Schwab,* 242 NY 330, 336-337; accord *Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 46-47). "Capricious action in a legal sense is established when an administrative agency on identical facts decides differently (*Matter of Fitzgerald* v. *State Div. of Dept. of Public Serv. of State of N. Y.,* 262 App. Div. 393, 397)" (*Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 217, affd 32 NY2d 796, cert den *sub nom. Baum v Lefrak Forest Hills Corp.,* 414 US 1004). At oral argument it was conceded that respondent associations were not required to make a $3,000 payment. Although other payments or conditions, claimed to be more stringent, are alleged to have been imposed on respondent associations, they are not in the record before us. Therefore after issue is properly joined (CPLR 7804, subd [c]), the matter should proceed to an immediate trial of the factual issues pursuant to CPLR 7804 (subd [h]). Special Term, if it finds it appropriate to do so, should treat the special proceeding as an action for a declaratory judgment (CPLR 103, subd [c]). (Appeal from judgment of Supreme Court, Erie County, Kramer, J. — art 78.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ. (Order entered June 24, 1982.)