■ In the Matter of NEW YORK TELEPHONE COMPANY, Petitioner, v PUBLIC SERVICE COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which, *inter alia,* disallowed petitioner's use of updated operator work time studies in separating interstate and intrastate expenses. On May 6, 1981, petitioner filed revised tariffs with respondent which were designed to produce $889 million of additional annual intrastate revenues. Numerous hearings were conducted on petitioner's request, respondent's staff made recommendations, and the administrative law judges issued a recommended decision on January 7, 1982. On March 26, 1982, respondent granted an increase of $408 million but disallowed petitioner's use of updated data for purposes of determining the intrastate portion of petitioner's operator work time (OWT) expenses, thereby preventing petitioner from recovering $11.3 million. This determination was consistent with earlier decisions of respondent disallowing petitioner's use of updated OWT factors. Petitioner filed a petition for rehearing, which respondent, in accordance with its staff recommendation, denied. Petitioner then commenced this proceeding to challenge only respondent's disallowance of the use of updated OWT studies in computing petitioner's intrastate expenses. Special Term transferred the proceeding to this court. The sole issue raised in this proceeding involves the proper allocation between intrastate and interstate rate-making jurisdictions of petitioner's OWT expenses, which are petitioner's costs in placing intrastate and interstate operator assisted phone calls for petitioner's customers. With regard to the proper allocation, this court has stated that: "The proper separation of * * * operating expenses * * * between interstate and intrastate operations has been under the regulation and guidance of the FCC through a Separations Manual for many years. Originally published in 1947 through the efforts of an association in which New York is still a member, and with adjustments from time to time, the manual has apparently functioned satisfactorily" (*Matter of New York Tel. Co. v Public Serv. Comm.,* 77 AD2d 332, 335, app dsmd 52 NY2d 1072, mot for lv to app den 53 NY2d 605). OWT studies have been performed and used to separate the time required by operators to handle intrastate and interstate calls and rates have been set by the respective jurisdictions accordingly. From 1971 to 1978, the OWT factors remained fairly constant and were not changed. In 1978, and later in 1979, 1980, and 1981, because of technological and rate structure changes, revised OWT factors were introduced to reflect a decrease in the time required by operators to handle interstate calls as opposed to intrastate calls. These changes tended to shift petitioner's costs to the intrastate jurisdiction. Petitioner sought to recover these costs in its May 6, 1981 filing with respondent because, as intrastate costs, they could not be recovered through ratemaking at the interstate level. Respondent denied petitioner's request to recover the updated OWT expenses, as it had done on previous occasions. In our opinion, respondent's determination disallowing the use of updated OWT factors is arbitrary and capricious. It is not disputed that

the updated OWT factors are reflective of the actual time operators currently spend on assisting with intrastate and interstate phone calls. Furthermore, it is undisputed that all other rate-making jurisdictions subscribe to updated OWT factors and indeed other phone companies in New York are permitted to use updated OWT factors. Finally, it is not controverted that petitioner expected to lose approximately $12 million in 1981 because of respondent's failure to permit the use of updated OWT factors and such could not be recovered from the interstate jurisdiction. Thus, respondent has effectively singled out petitioner by disallowing the use of revised OWT factors. Such treatment causes petitioner to lose a sum which cannot be otherwise recovered (see *Matter of New York Tel. Co. v Public Serv. Comm., supra*, p 336) and is arbitrary and capricious (*Matter of Italian Sons & Daughters of Amer. — Amici Lodge No. 255 v Common Council of Buffalo,*. 89 AD2d 822, 823; *Matter of Lefrak Forest Hills Corp. v Galvin*, 40 AD2d 211, 217, affd 32 NY2d 796, cert den *sub nom. Baum v Lefrak Forest Hills Corp.*, 414 US 1004; see, also, *Matter of New York Tel. Co. v Public Serv. Comm., supra*). The petition should, therefore, be granted. Determination annulled, and petition granted, with costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll and Yesawich, Jr., JJ., concur; Levine, J., not taking part.