■ In the Matter of MARIANNE MOROZ, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated April 30, 1982 and made after a statutory fair hearing, which affirmed a determination of the local agency denying the petitioner's application for medical assistance on the ground that she failed to timely submit certain documentation. ¶ Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to respondents for a re-evaluation of the petitioner's eligibility for medical assistance. ¶ Although the petitioner had the burden of proof, her assertions that she had timely submitted her bank books, and that she was prevented from timely submitting her university financial aid information, due to a lack of co-operation from the university and her confinement at home after a period of hospitalization, were completely uncontradicted. Petitioner's testimony at the fair hearing was not per se incredible and there was nothing in the agency's records which would undermine her credibility. Under these circumstances, a hearing officer may not reject a petitioner's testimony merely because it was self-serving (*Matter of De Pietto v Toia,* 67 AD2d 663). Based upon petitioner's totally uncontroverted testimony at the fair hearing we find that the determination was arbitrary and not supported by substantial evidence (*Matter of Robinson v Blum,* 70 AD2d 596; *Matter of McBride v Blum,* 70 AD2d 595; *Matter of De Pietto v Toia, supra*). We have considered petitioner's other claims and find them to be without merit. Lazer, J. P., Mangano, Weinstein and Brown, JJ., concur.