In the Matter of JAMES F. FUREY et al., Petitioners, v COUNTY OF SUFFOLK et al., Respondents.

Second Department, December 17, 1984

### APPEARANCES OF COUNSEL

*Furey & Furey, P. C. (James F. Furey, pro se,* of counsel), for petitioners.

*Martin Bradley Ashare, County Attorney (Derrick J. Robinson* of counsel), for respondents.

### OPINION OF THE COURT

O'CONNOR, J.

The issue to be resolved at bar is whether the record contains substantial evidence to support a determination of the Suffolk County Department of Health Services Board of Review denying petitioners' application for a waiver of a State Sanitary Code

provision that requires enclosure of interior staircases in temporary residences for fire protection purposes. We conclude that it does not.

Petitioners own a two-story frame house on Shelter Island. During the summer months they rent out nine bedrooms on the second floor to guests on a temporary basis. In May, 1980, petitioners applied for a new permit to run their temporary residence under recently enacted amendments to the State Sanitary Code (10 NYCRR subpart 7-1). Following an inspection of the premises in July, 1980, the Suffolk County Department of Health Services notified petitioners of various violations of the subject code. The only violation cited, germane here, was that the "interior stairway [was] not enclosed as specified" in section 7-1.11 (subd [j], par [1]) of the code. Thereafter, petitioners sought a waiver of the requirement pursuant to section 7-1.13 (10 NYCRR 7-1.13), which provides in pertinent part:

"7-1.13 Waiver of fire safety provisions. (a) The permit-issuing official may waive any of the provisions of section 7-1.6 through 7-1.12 of this Subpart, inclusive, whenever all of the following conditions are present:

"(1) The portion of the building to which fire safety provisions apply has been operated as a temporary residence prior to the effective date of the requirement which is being waived.

"(2) Failure to comply with fire safety provisions of the sections being waived would not significantly decrease safety to the occupants in the particular building, and such compliance represents a significant structural change or major expense to the operator.

"(3) Adequate alternative provisions have been made for the safety of the occupants in prevention and detection of fires and emergency exiting in the event of fire or other emergency."

The term "adequate" is defined by the code (10 NYCRR 7-1.1 [j]) as: "(j) *Adequate* shall mean sufficient to accomplish the purpose for which something is intended, and to such a degree that no unreasonable risk to health or safety is presented. An item installed, maintained, designed and assembled, an activity conducted, or act performed, in accordance with generally accepted standards, principles or practices applicable to a particular trade, business, occupation or profession, is adequate within the meaning of this Subpart."

At a hearing before the Board of Review of the Department of Health Services, petitioner James Furey (hereinafter petitioner) stated that his premises had been operated as a boarding house

for many years prior to the adoption of the subject regulation and that compliance therewith would require extensive alterations, structural change and great cost to him. Petitioner further stated that after the initial inspection he had installed battery-operated smoke detectors in the rented areas of the premises to warn guests of dangerous conditions and had equipped each rented room with a window escape, which the Department all but conceded was in compliance with code requirements. Petitioner contended that these alternatives were "adequate" within the meaning of the code to protect his guests against the eventuality of fire and that a waiver would not significantly decrease their safety. The Department did not contest the prior use of the premises as a temporary residence nor the cost and changes necessary to comply with the enclosure requirement. As to the adequacy of petitioners' alternatives, the Department merely insisted that any alternatives to compliance include a sprinkling system, a complete fire and smoke detection system and self-closing doors on all rooms, as purportedly required by State waiver guidelines and outlined by a State public health engineer in a telephone conversation with petitioner.

Following the hearing, the Board of Review made findings including, *inter alia,* that petitioners had not effectuated the alternatives outlined by the State engineer and thus recommended denial of the waiver. Accordingly, in its formal determination, it urged petitioners to "take the necessary steps to conform with the rules and regulations of the * * * Code". This CPLR article 78 proceeding followed.

It is well established that upon judicial review of a determination made by an administrative body after a hearing, the issue presented for the court's consideration is limited to one of substantial evidence (CPLR 7803, subd 4; see *Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181; *Matter of Desmone v Blum,* 99 AD2d 170). Demystifying that term of art, what this means is that the reviewing court examines the entire record to determine whether sufficient proof exists from which "an inference * * * of the fact[s] found may be drawn reasonably" and once it makes a determination as to this quantum of evidence — roughly that needed for a court to submit a question of fact to a jury — its task is complete (*Matter of Stork Rest. v Boland,* 282 NY 256, 273; see, also, *300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* pp 180-181). In the final analysis, it is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but

rather to determine whether there is a "reasonable fulcrum of support in the record" to sustain the body's findings (*Matter of Paulsen* [*Catherwood*], 27 AD2d 493, 495; see, also, *Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184-185; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; 1 Davis, Administrative Law Treatise [2d ed], § 3:3).

The limited review function of a court does not mean, of course, that the court must confirm a determination simply because it has been made by an administrative body. On the contrary, the court has a genuine judicial function to exercise when it reviews the sufficiency and the substantiality of the evidence upon which an agency has acted. As a matter of fact, a court would be remiss were it not to assess the rationality of a determination and guard against potentially arbitrary and capricious decisions (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* p 179; *Matter of McCormack v National City Bank,* 303 NY 5, 8-9; *Matter of Paulsen* [*Catherwood*], *supra,* p 495; cf. *Environmental Defense Fund v Ruckelshaus,* 439 F2d 584).

Turning to the matter under review, while petitioners had the burden of establishing their eligibility for a waiver, Furey's assertions made at the hearing as to the duration of the premises' use as a temporary residence, the impracticality of compliance with the code and the adequacy of the effected alternatives went completely unrefuted. In the face of these assertions and the flexible language of section 7-1.13 (subd [a], par [3]) of the Sanitary Code — "[a]dequate alternative provisions have been made for the safety of the occupants" — it was wholly arbitrary on the Board of Review's part to refuse to consider the alternative provisions undertaken by petitioners pursuant to this section and to insist upon the State guidelines as the only permissible alternatives to code compliance. Search as one may, the record is utterly devoid of any explanation as to why the provisions insisted upon by the Board were mandated, any statement as to why the steps taken by petitioners were inadequate and unsafe, or any indication that these alterations had been inspected and found wanting. Indeed, the so-called findings which the Board made in its report and upon which it based its recommendation — e.g., "The department agreed that alternate methods may be considered, but they should include, as stated by Mr. Gates of New York State, an adequate sprinkling system and appropriate fire alarm systems" — were pure *ipse dixit* and conclusions. Pointedly, the Board's final determination contained no "findings" at all. In the absence of any findings as to the adequacy of petitioners' alternatives, we conclude that the

Board's determination was arbitrary, capricious, unsupported by substantial evidence and must be annulled (see *Matter of County of Nassau v State of New York Public Employment Relations Bd.,* 103 AD2d 274; *Matter of Moroz v D'Elia,* 100 AD2d 622; *Matter of Paulsen [Catherwood],* 27 AD2d 493, *supra*).

Besides annulment of the Board's determination, petitioners ask this court to "declar[e] that the alternatives provided by [them] to be adequate within the meaning of the Code and further direct * * * Respondents to issue [a] valid permit". This we will not and cannot do. As previously stated, it is not the function of a court reviewing an agency's determination to weigh the evidence and make findings; rather, its review function is limited to the question of whether the determination is supported by substantial evidence. Having concluded that the determination *sub judice* is not so supported, our function is complete (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181, *supra; Matter of Stork Rest. v Boland,* 282 NY 256, 273-274, *supra*). The proper procedure now, in light of the inconclusive findings of the Board, is to remit the matter (see *Matter of Moroz v D'Elia, supra; Matter of Clearview Gardens First Corp. v Foley,* 11 AD2d 1047, mot for lv to app den in part and dsmd in part 9 NY2d 609, 645; *Matter of 81 Realty v McGoldrick,* 281 App Div 872; cf. *Presbyterian Hosp. v Harris,* 638 F2d 1381, 1389, reh den 647 F2d 1121, cert den 454 US 940; *City of Hartford v Hartford Elec. Light Co.,* 172 Conn 71). Accordingly, we remit to the Board of Review for a hearing at which the Board can make specific findings and reevaluate petitioners' eligibility for a waiver. Sending back the matter for findings is especially appropriate here where the public safety is implicated and the duly constituted Board, not an appellate court, has the expert knowledge and experience to assess the alternatives in question.

We have considered petitioners' remaining claims and find them to be without merit.

MOLLEN, P. J., MANGANO and LAWRENCE, JJ., concur.

Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent Board of Review for further proceedings in accordance herewith.