■ In the Matter of MULLIGAN'S NIGHT CLUB & CAFE, INC., ET AL., PETITIONERS, v BUFFALO COMMON COUNCIL et al., Respondents.—Determination annulled on the law without costs and petition granted. Memorandum: In this CPLR article 78 proceeding, which was transferred to our court pursuant to CPLR 7804 (g), petitioners, the operators of a restaurant and night club, seek review of the determination of the respondent Buffalo Common Council which revoked their dance license pursuant to Buffalo Code § 150-15 (B). The resolution, which noted that petitioners had failed to comply with certain terms and conditions of the license, was based upon findings referred to the Common Council by its Committee on Legislation (the Committee). Review proceedings and a public hearing on petitioners' dance license were conducted by the Committee on three occasions between April and July of 1990. Petitioners contend that the resolution and the Committee's report and findings are not supported by substantial evidence in the record.

Pursuant to chapter 150 of the Buffalo Code, public dancing in a restaurant is permitted only by license issued with the consent of the Common Council. The Common Council also retains the power to revoke such a license "for any reason which it deems sufficient" (Buffalo Code § 150-15 [B]). As we have previously noted in an analogous case, the Common Council's authority in such matters is left to its " 'untrammeled discretion' ", provided it acts reasonably and does not exercise its discretion capriciously *(Matter of Turgeon v Buffalo Common Council,* 78 AD2d 774). Under these circumstances, reasonableness requires only that the determination be based on substantial evidence *(see, Matter of Turgeon v Buffalo Common Council, supra; Matter of Milky-Way Lounge v Veteran,* 72 AD2d 566, *lv denied* 48 NY2d 609).

Whether an administrative determination is supported by

substantial evidence presents a question of law *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181; *Matter of Clark v Board of Zoning Appeals,* 301 NY 86, 90-91, *cert denied* 340 US 933).* The inquiry is whether the whole record contains proof of "such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably— probatively and logically" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 181). In order to assure the parties that such a determination is "based on evidence of record, uninfluenced by extralegal considerations, findings of fact in some form [are] essential so as to permit intelligent challenge by a party aggrieved and adequate judicial review following the determination" *(Matter of Simpson v Wolansky,* 38 NY2d 391, 396).

Because the Common Council and the Committee, upon whose findings its resolution was based, resorted to matters extraneous to the record, no such assurance can be had in this case. Here, the Committee's findings made specific reference to evidentiary sources outside those adduced at the license review and revocation proceedings. For example, reference was made to correspondence and police records not before the Committee to substantiate two violations. In another, the Committee listened to a tape recording, but the record fails to include the tape or a transcript of that recording. Although the premises were not inspected by the city during the review-revocation process, the Common Council resolved that petitioners failed to substantiate installation of the sound-proofing materials required by the license because of their failure to secure a permit for that work. In further support of its findings on the deficiency of the sound-proofing improvements, the Committee looked beyond the record to matters such as the total number of complaints made to the police about noise during the seven-month period while the license review procedure was being conducted. These instances are merely illustrative, not exhaustive.

It was error for the Common Council and the Committee to resort to evidence and information outside the record *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 181; *Matter of Simpson v Wolansky, supra,* at 396), a practice that makes judicial review of the determination impossible. Thus, we conclude that the Common Council's determination revoking petitioners' dance license is not sup-

ported by substantial evidence and must therefore be annulled.

We have considered petitioners' due process and constitutional claims and find them to be without merit *(see, Matter of Green Point Sav. Bank v Board of Zoning Appeals,* 281 NY 534, 538, *appeal dismissed* 309 US 633; *Matter of Aprile v Lo Grande,* 89 AD2d 563, *affd* 59 NY2d 886; *Matter of Turgeon v Buffalo Common Council, supra).*

All concur, except Boehm, J., who dissents and votes to confirm in the following Memorandum.

Boehm J. (dissenting). I respectfully dissent. In my view the determination of the Common Council Committee is supported by substantial evidence. The determination should be confirmed and the petition dismissed. As the majority notes, the Common Council's authority in these matters is one of " ' "untrammeled discretion" ' " and so long as the legislative body's exercise of such discretion is not capricious, it should be confirmed *(Matter of Turgeon v Buffalo Common Council,* 78 AD2d 774). Consequently, the substantial evidence standard is a rather low threshold and on this record judicial interference with the Committee's determination is unwarranted *(see, Matter of Berger v Leach,* 103 AD2d 1018).

Condition 6 of the dance license issued to petitioner required that renovations "include capital improvements designed to prevent sound leakage from music and noise". The record contains letters and testimony of several neighborhood residents who related to the Common Council Committee their experience with the continued noise from petitioner's establishment. I cannot agree with the majority that such evidence is merely illustrative or that the record is so deficient as to defy review.

In a hearing or proceeding like the one conducted here "[t]echnical legal rules of evidence and procedure may be disregarded" *(Matter of Hecht v Monaghan,* 307 NY 461, 470) and the nature of the evidence that may be considered is quite broad *(Matter of Aprile v Lo Grande,* 89 AD2d 563, *affd* 59 NY2d 886). The substantial evidence test can be satisfied despite the existence of more scientific methods than those employed by the legislative body in reaching its determination *(Lincoln Bldg. Assocs. v Barr,* 1 NY2d 413, 420; *Huggins v City of New York,* 126 Misc 2d 908). Indeed, hearsay alone may constitute substantial evidence *(Matter of Triple A Auto Driving School v Foschio,* 107 AD2d 641, *affd* 65 NY2d 755).

Finally, in evaluating a case subject to the substantial

evidence standard a court should set aside the determination only when, on the same evidence, a jury verdict would be required to be set aside *(Matter of Miller v Kling,* 291 NY 65). The courts have no right to review the facts generally to determine the weight of evidence, and if the evidence presented would be sufficient to require a court to submit the case to a jury, then it is sufficient to support an administrative finding *(Matter of Miller v Kling, supra; Matter of Stork Rest. v Boland,* 282 NY 256, 274; *Matter of Furey v County of Suffolk,* 105 AD2d 41).

That the Committee also "looked beyond" the record is of no moment where on a whole there exists sufficient evidence in the record "from which 'an inference * * * of the fact[s] found may be drawn reasonably' " *(Matter of Furey v County of Suffolk, supra,* at 43; *see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The Committee of the Buffalo Common Council neither exceeded its express authority to revoke petitioner's license (Buffalo Code § 150-15 [B]), nor exercised its broad discretion with caprice. The determination should be confirmed. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Gorski, J.) Present—Denman, P. J., Balio, Boehm and Fallon, JJ.